UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

CHARLES GEORGE, *pro se*,

                    Plaintiff,

      -against-                            **SUMMARY ORDER**
                                                08-CV-1047 (DLI)(LB)
JUDGE CAROLYN DEMAREST, JANE DOE
and JOHN DOE,

                    Defendants.
----------------------------------------------------------X

**DORA L. IRIZARRY, United States District Judge:**

      Plaintiff, proceeding *pro se*, filed a complaint against New York State Judge Carolyn Demarest and two unidentifiable individuals, who may be court personnel. By an Order dated March 13, 2008, the court dismissed the complaint, as well as plaintiff's application for an order to show cause. The Clerk of the Court entered judgment on March 14, 2008. On March 20, 2008, plaintiff moved for reconsideration by filing what he has labeled "Motion to Reargure" [sic].

      A motion to reconsider "is to be treated as a Rule 59(e) motion if filed within ten days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter." *United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 1993). A timely-filed motion for reconsideration under Rule 59(e) extends the time of the parties to appeal while the motion is under review. *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 136-37 (2d Cir. 2000); Fed. R. App. P. 4(a)(4). In the instant action, plaintiff filed his motion on March 20, 2008, well within ten days of entry of judgment. Thus, the court will construe his motion as one for reconsideration under Rule 59(e). In doing so, the court is mindful that the submissions of *pro se* plaintiffs should be held "to less stringent standards than formal

pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citations omitted); *McEachin v. McGuinnis*, 357 F.3d 197 (2d Cir. 2004).

The standard for granting a motion for reconsideration under Rule 59(e) is "strict, and reconsideration will generally be denied." *Herschaft v. New York City Campaign Finance Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation omitted). A motion for reconsideration is appropriate when the moving party can demonstrate that the court overlooked "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Id*. at 284 (internal quotations omitted); *see also*, *Shrader v. CSX Trans., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); Local Civil Rule 6.3. District courts apply this rule strictly to "dissuade repetitive arguments on issues that have already been fully considered by the Court." *Commercial Union Ins.Co. v. Blue Water Yacht Club Ass'n*, 289 F. Supp. 2d 337, 340 (E.D.N.Y. 2003). Consequently, a motion to reconsider should be denied when the movant seeks solely to relitigate issues already decided. *Shrader*, 70 F.3d at 257.

Plaintiff's motion is does not allege arguments or controlling decisions, which, had they been considered, reasonably might have altered the result before the court. That plaintiff seeks injunctive relief, rather than monetary damages, does not lift the shield of judicial immunity in this case, because the complaint fails to allege a factual basis establishing a violation of a declaratory decree or the unavailability of declaratory relief. Judicial immunity applies even where the *Younger* abstention doctrine is inapplicable.

As plaintiff has not alleged any facts sufficient to warrant relief from the court's Order under Rule 59(e), the motion to reconsider the court's Order dismissing the complaint is denied. The court

2

certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 14, 2009

/s/
DORA L. IRIZARRY
United States District Judge